IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALBERT BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 06-3050 |
| | ) | |
| GERARDO ACEVEDO, Warden, Hill | ) | |
| Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Albert C. Boyd ("Boyd") requests a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) on three issues [d/e 18]. He also seeks leave to proceed *in forma pauperis* ("IFP Petition") [d/e 19] under 28 U.S.C. § 1915. Both requests are denied.

### A. Certificate of Appealability

In a misguided effort to scare his brother, Boyd shot wildly at a nearby car, killing a passenger. A jury in Sangamon County, Illinois, convicted Boyd of aggravated discharge of a firearm and felony murder. Boyd sought habeas relief on three grounds, all of which this Court rejected

in an earlier opinion [d/e 15]. Boyd now seeks a COA on each of these issues. *See* 28 U.S.C. § 2253(c).

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This showing is made when the petitioner "demonstrate[s] that reasonable jurists could debate whether [the habeas challenge] should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001).

First, Boyd seeks to appeal the denial of his "actual innocence" claim, which this Court construed as an attempt to avoid procedural default. Boyd claims that the Court erred by not considering Sean Sullivan's purported "confession," which he now provides. However, as noted in this Court's prior opinion, Sullivan's "confession" conflicts with Boyd's prior confession, Cason's earlier implication of Boyd, Gorens' identification of Boyd, and Sullivan's prior statement that he was not present during the shooting. If that were not enough, evidence adduced at the state court

hearing showed that Sullivan retracted his confession after learning that Double Jeopardy did not protect him from trial and admitted that Boyd had forced him to make a false confession. Sullivan now refuses to testify, invoking his Fifth Amendment rights. Given these circumstances, reasonable jurists would agree that Boyd's evidence is not so compelling that "no juror, acting reasonably, would have voted to find [Boyd] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Second, Boyd requests a COA on his numerous ineffective assistance claims, all of which were procedurally defaulted. His assertions that his appellate attorney "maliciously" prevented him from raising these issues and, alternatively, that he did raise them, suffer from a lack of record support. As such, the COA is denied.

Third, Boyd requests a COA to argue that *People v. Morgan*, 197 Ill. 2d 404, 259 Ill. Dec. 405, 758 N.E.2d 813 (2001) presents a federal constitutional issue. As discussed in the prior opinion, *Morgan* involved the interpretation of an Illinois statute, a quintessential state issue. In any

event, the rule announced in *Morgan* has no application where an aggravated discharge results in the death of a bystander. *See People v. Figuera*, 381 Ill. App. 3d 828, 836-37, 319 Ill. Dec. 692, 702-03, 886 N.E.2d 455, 465-66 (2008); *People v. McGee*, 345 Ill. App. 3d 693, 698-99, 280 Ill. Dec. 3, 8, 801 N.E.2d 948, 953 (2003); *People v. Ruiz*, 342 Ill. App. 3d 750, 755-56, 277 Ill. Dec. 244, 250, 795 N.E.2d 912, 918 (2003); *People v. Toney*, 337 Ill. App. 3d 122, 131-37, 271 Ill. Dec. 487, 495-99, 785 N.E.2d 138, 146-50 (2003). Thus, the rejection of this claim is not debatable by reasonable jurists.

For these reasons, the Court declines to issue a COA.

B.  *In Forma Pauperis*

A petitioner's failure to secure a COA is not necessarily fatal to an IFP petition. *Rogers v. Chandler*, 2008 WL 360988, *1 (S.D. Ill. Feb. 11, 2008) (citing *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998)). Nevertheless, the IFP petition must still comply with the relevant statutes, including the requirement that "[a] prisoner seeking to . . . appeal a judgment in a civil action or proceeding without prepayment of fees or security therfor . . .

4

shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the . . . notice of appeal. . . ." § 1915(a)(2). Boyd's petition is lacking on this score, even though his prior petition, which was rejected, included such a statement [d/e 2]. Without such information, the IFP Petition must be denied.

Ergo, Boyd's motion for a COA [d/e 18] and his IFP Petition [d/e 19] are DENIED.

IT IS SO ORDERED.

ENTERED:                                    August 26, 2008

FOR THE COURT:                     /s Judge Richard Mills
                                                  United States District Judge

5